CASE 23—PETITION ORDINARY—OCTOBER 10.

# Commonwealth vs. Reed, &c.

APPEAL FROM GALLATIN CIRCUIT COURT.

1. The Commonwealth has a right for its own use to recover in a civil suit against a sheriff and his sureties for a breach of covenant.
2. A sheriff who negligently fails to arrest one under indictment when he has a warrant commanding such arrest, or, having arrested one under indictment, willfully takes insufficient bail, is liable in a civil action on his official bond for damages.

JOHN M. HARLAN, Attorney General,        For Appellant.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This is an action against a sheriff and his sureties for an alleged breach of his official bond in negligently failing to arrest Stephen Patterson, on four bench warrants, issued on four several indictments for unlawful gaming, and also in willfully taking insufficient security for Pinkney Patterson, whom he had arrested under indictments for permitting unlawful gaming in his house—the petition alleging the escape of Stephen, and the insolvency of Pinkney Patterson.

The circuit court having sustained a demurrer to the petition—which is good if such an action be maintainable—the only question for revision by this court is, whether the Commonwealth has a right, *for its own use*, to recover in a civil suit against the sheriff and his sureties damages for a breach of their covenant.

Although there may be no precedent of any judicial recognition of such a remedy, yet we can perceive no

reason why it should not be available.   And it seems to us that principle sanctions it, and that it is sustained by both the common and the statutory law of Kentucky.

The sheriff's official bond is required for assuring his fidelity as well to the Commonwealth as to every individual who may lose by his infidelity.  · His delinquencies, as charged in this case, might subject the Commonwealth to some insecurity, and to loss of revenue which she might have derived from the execution of the process. Why, then, should not she, as well as a citizen, have a right of action for damages to herself from a breach of the bond given to her for securing her interests as well as those of citizens ?

The fact that the sheriff may be liable to a fine is no sufficient answer.   This is only punitive.   The civil action is remunerative.   He may be insolvent, and his sureties would not be responsible for the fine.   And the actual damage to the Commonwealth may greatly exceed the amount of the fine.

Nor is the indeterminateness of the damages, and the difficulity of ascertaining their precise amount by any certain or fixed standard, a sufficient answer.

The same difficulty occurs in many other classes of actions undoubtedly maintainable.   Nominal damages might always be reversed, and generally the amount of the prescribed fine would afford a definite criterion for assessing the civil damages.

In this case no court can assume that, had Stephen Patterson been arrested, he would ever have been tried, or, if tried, convicted, or, if convicted, that the fines would ever have been · collected by the Commonwealth.   But still, for every wrong there is a remedy ; and therefore, the imputed breach of the bond must be actionable upon common ·law principles; and the damages must be

assessed by the best tests the facts of the case may afford.

Confirmatory, and, as we think, only declaratory of the common law, the 6th section of article 8, chapter 83, of Stanton's Revised Statutes, page 259, provides that "clerks of courts, sheriffs, and other public officers, and their sureties, and the heirs, distributees, devisees, and personal representatives of each, may be proceeded against by suit or motion, jointly or severally, for their liabilities or defalcations by the Commonwealth, in her own right."

The application of this enactment cannot be restricted by the context of the article in which it is found, and which is too contracted for its useful or consistent operation. But it is, in its range, coextensive with the chapter on revenue, and applies to every case affecting the revenue of the Commonwealth, as this case certainly may affect it by possible diminution. One of the principal objects seems to have been to hold the sureties to liability.

On these grounds, we are of the opinion that the action as brought is maintainable, and that, consequently, the circuit court erred in sustaining the demurrer to the petition.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.