CASE 15—PETITION ORDINARY—JUNE 10.

## Commonwealth vs. Reed, &c.

APPEAL FROM GALLATIN CIRCUIT COURT.

1. The Commonwealth may maintain a civil action on a sheriff's bond for official delinquency in criminal cases, yet, unless some damage resulted from a breach of the bond, an action cannot be maintained.

2. When the accused appeared, as they had undertaken to do, notwithstanding the informality and invalidity of the recognizances taken by the sheriff, it was the duty of the court to hold them in custody until they acknowledged unexceptionable recognizances. If the court permitted the accused to go on such defective recognizances until the next term of the court, the sheriff could not be deemed the cause of their non-appearance or escape, and is not, therefore, responsible on his official bond.

JOHN L. SCOTT,                                    For Appellant,
                        CITED—
  *Civil Code*, secs. 2, 30; *Criminal Code*, sec. 8.
  *Rev. Stat.*, sec. 2, chap. 5, sec. 16, chap. 83, 2 *Stant.*, 271.
  *MSS. Opin.*, Sep. 17, 1867; *Commonwealth vs. Reed.*

P. U. MAJOR and
J. J. LANDRAM,                                   For Appellees,
                        CITED—
  4 *Blackstone*, 297; 14 *B. Mon.*; *Cone vs. Bronson.*
  *Peters' Abridgment, title "Bail, Crim."*
  *V. A. Hale, P. C., title "Crim. Bail."*
  *Bacon's Ab., title "Bail, C."*

1 *Bibb*, 435; *Price vs. Lee.*

14 *B. Mon.*, 363; *Commonwealth vs. Bronson.*

1 *Duvall*, 276; *Askins vs. Commonwealth.*

2 *Met.*, 385–8; *Commonwealth vs. Coleman.*

1 *Duvall*, 19; *Miller vs. Commonwealth.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

Although, as hitherto adjudged by this court, the Commonwealth may maintain a civil action on a sheriff's bond for official delinquency in criminal cases, yet, unless some damage resulted from a breach of the bond, an action cannot be maintained.

In this case the informality, and perhaps invalidity, of the recognizances taken by the sheriff, were not taken advantage of, and did not prevent a trial of the accused cognizors, who appeared at two successive terms of the court, as they had undertaken to do. On each of these appearances, it was the duty of the court to hold them in custody until they acknowledged unexceptionable recognizances; and if their ultimate non-appearance prevented a trial, the defectiveness in the bonds taken by the sheriff could not be deemed the cause of escape, as all that the bonds required had been performed by appearance in court to answer the charge, and the court recognized the validity of the bonds by suffering the obligors to go on the faith of them, without requiring other and better bonds. The fault, therefore, was that of the court, rather than of the sheriff.

It seems to us, therefore, that the sheriff has not done the Commonwealth any harm, and is not responsible on his official bond for damage never suffered in consequence of his fault.

Wherefore, the peremptory instruction to the jury to find for the defendants was proper, and the judgment is affirmed.