STATE OF TENNESSEE, to Use of UNITED STATES, v. HILL et al.

(Circuit Court of Appeals, Sixth Circuit.    February 5, 1894.)

### No. 48.

1. DISTRICT COURTS—JURISDICTION—ACTION BY UNITED STATES ON A SHERIFF'S BOND.
    When the United States have a right, under a state statute, to sue in the name of the state upon the official bond of a sheriff, to recover damages for negligently allowing the escape of a federal prisoner, such action is within the jurisdiction of the federal district court.
2. SHERIFFS—ESCAPE OF FEDERAL PRISONER—ACTION BY UNITED STATES FOR DAMAGES.
    In Tennessee, where the statute makes the sheriff civilly responsible for the safe-keeping of prisoners committed to his care (Code, §§ 6238–6242),

and allows any party aggrieved to sue on his official bond in the name of the state (Id. §§ 3492–3494), the United States may maintain such an action to recover pecuniary damages occasioned by allowing the escape of a prisoner under indictment by a federal grand jury; and among the elements of such damage may be included the expenses of the arrest and keeping of the prisoner, the benefit of which is lost by his escape, and also money expended in recapturing him.

In Error to the District Court of the United States for the Middle District of Tennessee.

The appellant sued the appellees, Hill and the sureties on his sheriff's bond, and filed this declaration:

"The State of Tennessee, for the use of the United States of America, Plaintiff, vs. Wm. J. Hill, H. C. Hudson, James W. Johnson, R. G. Fehr, J. G. Sawyer, T. M. Graham, B. H. Beazeley and V. E. Shwab, Defendants. (No. 832.)

"The plaintiff sues the defendants for this: That on the 1st day of January, 1892, and on divers other days before said date, the defendant William J. Hill was the sheriff of Davidson county, Tennessee, within said middle district of Tennessee, duly elected, qualified, and acting as such sheriff. That on the 1st day of September, 1890, he, the said William J. Hill, as required by the law of the state of Tennessee, executed a bond in the penal sum of $40,000, with the defendants H. C. Hudson, Jas. W. Johnson, R. G. Fehr, J. G. Sawyer, T. M. Graham, B. H. Beazeley, and V. E. Shwab as sureties thereon, and they, the said sureties, executed said bond, and it was approved and delivered; that said bond was conditioned as required by the law of Tennessee, in cases of sheriff's bonds, and was, among other things, conditioned that he, the said William J. Hill, would 'faithfully execute the office of sheriff of Davidson county, and perform its duties and functions during his continuance in office,' etc. A certified copy of said bond as it was delivered to, executed before, and accepted and approved by the judge of the county court of Davidson county, and filed as provided by law, together with a duly-certified copy of the oath of office taken by the said William J. Hill as sheriff, is here to the court shown, and made a part hereof. That among the duties of said William J. Hill as sheriff, as provided by law, is the following, to wit: 'To take charge and custody of the jail of said county, and of the prisoners therein; to receive those lawfully committed, and to keep them, himself or by his deputies or jailer, until discharged by law.' That by the statutes of the state of Tennessee, in such cases made and provided: '(1) The county jail is used as a prison for the safe keeping and confinement of all persons committed thereto under the authority of law. (2) The foregoing provisions extend to persons committed by authority of the courts of the United States. (3) The sheriff is liable for failing to receive and keep all persons delivered under the authority of the United States to the like pains and penalties as to similar failures in the case of persons committed under the authority of the state. (4) The sheriff has the custody and charge of the jail of his county, and of all persons committed thereto, and may appoint a jailer, for whose acts he is civilly responsible. (5) It is made the duty of the sheriff to take charge and custody of the jail of his county, and of the prisoners therein; to receive those lawfully committed, and to keep them himself or by his deputies or jailer until discharged by law.'

"And the plaintiff says that the conditions of said bond, executed by the defendants as aforesaid, have been broken in this, that is to say: One Thomas C. Boalen, at the October term, 1891, of the United States circuit court for the middle district of Tennessee, was duly indicted by the grand jury of said court for violation of sections 5440, 5456, 5477, and 5469, of the Revised Statutes of the United States, to wit: 'For stealing, embezzling, and taking out of the street mail box at the corner of Church and Market streets, in the city of Nashville, a letter containing a check, and he unlawfully opening it, and embezzling said check therein contained. For taking from the street mail box another letter, and opening it, and embezzling said check therein contained.

For conspiring with Charles Hubbard, alias Charles Dymond, and Charles J. K. Stratton, alias Harry Armstrong, to commit the offense of breaking open said mail box and taking therefrom said two letters, and opening the letters and embezzling two checks therein contained. For willfully and maliciously destroying mail matter deposited in said letter box. For feloniously having in his possession certain keys suited to locks on the street mail boxes in use by the United States for receiving mail in the city of Nashville, etc. For stealing and taking from an authorized depository for mail matter, to wit, the street mail box in the city of Nashville, two letters deposited in said mail box. For opening and embezzling and destroying two drafts, which he, the said Thomas C. Boalen, took out of a street mail box, in the city of Nashville, one of said letters containing a draft for $601.05, and another a draft for $352.50, and embezzling said two letters and drafts.' That, after said indictment was found as aforesaid, the said Thomas C. Boalen was arrested by due process of law on a warrant sworn out before Will Haight, a United States circuit court commissioner, at Atlanta, Ga., on the ——— day of November, 1891, and thereupon, to wit, on the 9th day of November, 1891, an order was made by the circuit court of the United States for the northern district of Georgia 'that he, the said Thomas C. Boalen, be removed and transferred to the circuit court for the middle district of Tennessee,' etc. That thereafter, to wit, on or about the 10th day of November, 1891, the United States marshal for the northern district of Georgia, as he was ordered to do, did transfer the said Boalen to the middle district of Tennessee, and there delivered him to C. B. Harrison, United States marshal for the middle district of Tennessee. That thereupon, under an order of commitment duly made by H. M. Doak, Esq., United States circuit court commissioner for the middle district of Tennessee, being an officer authorized by law to issue said order, to wit, on the 10th day of November, 1891, which was during the time for which said bond aforesaid was executed by the defendants, the said United States marshal did commit the said Thomas C. Boalen to the jail of Davidson county, within said district, and to the custody of him, the said William J. Hill, sheriff for Davidson county, aforesaid, who was then acting as such sheriff. That thereupon, to wit, on the ——— day of ———, 1891, the said William J. Hill, failing to do his duty, and without the leave and license of, and against the will of, the plaintiff, negligently and unlawfully suffered and permitted the said Thomas C. Boalen to escape and go at large wheresoever he would, out of the custody of him, the said William J. Hill, so being such sheriff as aforesaid, and the said Thomas C. Boalen is still at large, and cannot be found. Whereby the said plaintiff has been and is greatly injured, and plaintiff is greatly delayed and prevented from prosecuting the said Thomas C. Boalen for the great crimes and felonies by him committed, contrary to the statutes and against the peace and dignity of the United States; and plaintiff is greatly delayed in and prevented from prosecuting him, the said Thomas C. Boalen, under the said indictment so found as aforesaid against him by the grand jurors for the said United States circuit court for the middle district of Tennessee, in the cause of the United States vs. Thomas C. Boalen et al., then and there pending before the said United States circuit court for the middle district of Tennessee; and whereby the said plaintiff aforesaid is delayed in and prevented from causing the said Thomas C. Boalen to be punished with imprisonment for the term and terms of years which is provided by statute as a punishment in such cases, and is delayed in and prevented from recovering from him, the said Thomas C. Boalen, the fines imposed by law for violation of the United States statutes,—$10,000. And in endeavors to arrest and to cause the arrest and capture of him, the said Thomas C. Boalen, who was notoriously one of a gang of dangerous offenders, plying their vocation in many places in the United States, prior to the time he was found and arrested in Atlanta, Georgia, to wit, on the ——— day of November, 1891, and leading up to the arrest, and bringing about the arrest, the plaintiff necessarily expended large sums of money, to wit: $10,000, for traveling and other necessary expenses of officers and employes of the United States post-office department; and, also, $2,000, for other necessary expenses in that behalf, such as advertisements, printing, etc., etc. And for the arrest

and imprisonment and trial of the said Thomas C. Boalen, at Atlanta, Georgia, proceedings for removal, and removal from Atlanta, Georgia, to Nashville, the plaintiff necessarily expended another large sum of money, to wit, $1,000. And for endeavors to recapture and ferret out the whereabouts of the said Thomas C. Boalen, since he, the said defendant, William J. Hill, negligently, carelessly, etc., as aforesaid, allowed him to escape from his custody, the said plaintiff has necessarily expended another large sum of money, to wit, $1,000, and other necessary expenses in this behalf,—$1,000. To the plaintiffs' damage twenty-five thousand dollars ($25,000). Hence suit.

"John Ruhm,

"U. S. Attorney, M. D. T."

The defendants demurred to this declaration, and alleged several grounds therefor. The principal ones are: "(1) Because the defendants were not liable to a civil action on the bond given to the state of Tennessee at the suit of the United States for damages for the alleged negligence. (2) The said action is one that cannot be maintained in United States district court. That the liability of the officers of the state of Tennessee upon their official bonds can only be enforced in its own court, and that the state of Tennessee is a necessary party plaintiff, and no suit can be brought by her or in her name against citizens of the state of Tennessee in a United States court sitting in that state. (3) That no recovery can be had for expenses incurred by the officers of the United States for the arrest, imprisonment, and trial of said Boalen, or for his removal from Atlanta, Ga., to Nashville, Tennessee, because the same was not a debt or liability against said Boalen. (4) That no recovery could be had for the fines imposed by law for the offenses charged against said Boalen until conviction and imposition of said fines by a verdict of a jury and judgment of the court against him. (5) That the money expended by plaintiff in an effort to recapture said Boalen after his escape is not recoverable, in this action, for the reason such expense would not be recoverable against Boalen should he be recaptured, convicted, and sentenced. (6) Because the declaration nowhere alleges that said escaped prisoner was guilty of the offenses charged in the indictment." The demurrer was sustained, and the suit dismissed by district court.

John Ruhm, U. S. Atty., for plaintiff in error.

Tillman & Tillman and W. D. Covington, for defendants in error.

Before JACKSON and TAFT, Circuit Judges, and BARR, District Judge.

BARR, District Judge, after stating the facts as above, delivered the opinion of the court.

Many errors have been assigned, but we need only consider whether the suit as brought was maintainable. The opinion of the court is very brief, but the learned judge seems to have been of the opinion that no expenses incurred by the United States in causing the indictment, arrest, or removal of the prisoner, nor the expenses of his recapture, could be recovered against the sheriff and his sureties, unless such expenses could have been recovered against the prisoner had he been convicted, and that the fines which might have been assessed against him, had he been convicted of the offense or offenses charged, could not be considered in estimating the damages unless the prisoner had been previously convicted and fined. It may be conceded that, had said Boalen been tried and convicted, none of the expenses alleged to have been incurred by the United States could have been assessed against him, and judgment rendered therefor on the indictment. But this is not an action at

law against a sheriff for an escape in which the measure of damages is confined to the interest which a creditor has or might have in his imprisoned debtor. It is an action on the official bond of a sheriff, in which one of the obligations is that he will faithfully perform his duty as sheriff. Among other duties, the sheriff has the charge and custody of the jail of his county, and the prisoners legally committed therein, until discharged by law. This includes federal as well as state prisoners, and the Tennessee statute makes the sheriff civilly responsible for the acts of the jailer whom he appoints. Code Tenn. §§ 6238–6242. The sheriff executed his bond to the state, but any party aggrieved can under the statute sue on the bond in the name of the state, and in such cases the suing party is considered the real plaintiff. Id. §§ 3492–3494.

The district court has, by the express terms of the act of congress, jurisdiction of all suits at common law brought by the United States; hence there is no difficulty as to the jurisdiction of that court, if there is a cause of action on this bond alleged in favor of the United States. It is insisted that although Boalen was in the legal custody of the sheriff, and his escape is alleged to have been by the negligence of the sheriff, the United States cannot maintain an action for his escape, because the United States, in the arrest and punishment of offenders against its laws, acts as sovereign, and not in its corporate capacity, and, therefore, cannot have an action for damages, whatever may have been the negligence of a jailer in allowing the escape of the prisoner, Boalen; and Cotton v. U. S., 11 How. 229, and South v. Maryland, 18 How. 396, are referred to as sustaining this proposition. Cotton v. U. S., 11 How. 229, was an action of trespass quare clausum fregit brought by the United States against Cotton for cutting and carrying away pine timber from the lands of the United States. The error complained of by Cotton was the refusal of the trial court to instruct: "(1) That the only remedy for the United States for cutting pine timber on public lands was by indictment; (2) that the United States have no common law remedy for private wrongs." The supreme court sustained this refusal of the lower court, and there is nothing in the opinion sustaining the distinction suggested. Indeed, the court say, in answering the suggestion, that an indictment was the only remedy; that "the punishment of the public offense is no bar to the remedy for the private injury." In South v. Maryland, reported in 18 How. 396, the action was against a sheriff and his sureties for his refusal and neglect in not rescuing one Pottle from mob violence, and the court held the action could not be maintained. The court held that the duty of the sheriff to protect Pottle from mob violence arose from his being a conservator of the peace, and his neglect was not merely the neglect to perform a ministerial duty. In the opinion the court divided the duties and powers of a sheriff at common law into four distinct classes. In the ministerial class are put the duty of a sheriff as keeper of the county jail, and his liability for the safekeeping of prisoners committed to his custody. The court says, in the course of the opinion:

v.60f.no.7—64

"It is an undisputed principle of the common law that for a breach of a public duty an officer is punishable by indictment; but where he acts ministerially, and is bound to render certain services to individuals for a compensation in fees or salary, he is liable for acts of misfeasance or nonfeasance to the party who is injured by him."

In this case an individual was suing; hence, the use of that word by the court. But the question of the liability of a ministerial officer in a civil action for misfeasance or nonfeasance to a state or the United States was neither presented nor considered by the court. Neither is there any suggestion of a distinction between the sovereign powers and the corporate capacity of the United States as to the right to institute a civil action. The sovereign power and corporate capacity of the United States are so intermingled that it is often impossible to separate them, or to know when one ceases and the other commences. But, whatever may be the distinction, it can have no relation to the right of the United States to bring a civil action or to defend one, if they so elect. It is argued, however, that as there has not been a trial of Boalen, and it is not alleged he was guilty of the crimes for which he is indicted, and for which he may be fined if guilty, there can be no recovery, because the alleged negligence of the jailer has not caused the United States any pecuniary injury, but rather the contrary, as the escaped prisoner was no longer a charge upon the United States. This argument overlooks the fact that the United States, in arresting and imprisoning Boalen, who was charged with the violation of its criminal laws, acted under an undoubted power, and in the performance of a duty, and that, in the exercise of this power and the performance of this duty, it has expended money in causing the arrest, removal to Nashville, and the imprisonment there, of Boalen, to secure his trial for indictable crimes, and that the benefit of the money thus expended by the United States has been entirely lost by the negligence of his jailer.

Such actions as this are unusual, but this fact is certainly not conclusive against the right, since criminal proceedings against an officer who has given bond for the faithful discharge of his duties, for misfeasance or nonfeasance in office, may have proven to be the more efficient remedy. No decision has been cited in which the right of action in such a case as this one has been denied, and there are two cases at least in which such right of action has been recognized and sustained. Com. v. Reed, 2 Bush, 618, 3 Bush, 516. In Com. v. Reed, 2 Bush, 618, the Kentucky court of appeals sustained an action on a sheriff's bond against him and his sureties for the negligence of the sheriff in failing to arrest a person on bench warrants issued on indictments for unlawful gaming, and for willfully taking insufficient surety on bond for the appearance of another person whom he had arrested for the same offense. The court of appeals, by C. J. Robertson, in the opinion said:

"Although there may be no precedent for any judicial recognition of such a remedy, yet we perceive no reason why it should not be available; and it seems to us that principle sanctions it, and that it is sustained by both the common and statutory law of Kentucky."

This court, in another part of the opinion, say:

"Nor is the undeterminateness of the damages, and the difficulty of ascertaining their precise amount by any certain or fixed standard, a sufficient answer. The same difficulty occurs in many other classes of action undoubtedly maintainable."

In this case the Tennessee statute makes the sheriff civilly responsible for the acts of the jailer whom he appoints, and as we have seen the United States may sue, and a cause of action is alleged in the declaration, the demurrer should have been overruled. The measure or extent of damages is not now before this court, and we do not indicate an opinion thereon. The judgment of the district court sustaining the demurrer to the declaration and dismissing the action is reversed, and the district court is directed to set aside said order, and proceed in conformity with this opinion.

TAFT, Circuit Judge (concurring). I concur in the foregoing opinion, and only wish to add that negligence of the sheriff resulting in the escape of Boalen, which made the duty of the United States as a government to apprehend and punish him more onerous in a pecuniary way, was a breach of the bond, and a pecuniary injury to the United States, for which they may recover damages. The last count in the declaration is for $1,000 expended in Boalen's recapture after his escape from the sheriff's custody, and that, even if there is no other averment of recoverable damages, as to which no opinion will be expressed, is sufficient to make the declaration good.